[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12841
_____

D.C. Docket No. 1:09-cv-22793-PAS

JERRY RANKIN,
LUISA ALEXANDRA CUESTA,
OCTAVIO TOBAR,
JACOBO HINCAPIE,

Plaintiffs - Appellants,

versus

CELEBRITY CRUISES, LTD.,

Defendant - Appellee.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(September 7, 2012)

Before BARKETT and PRYOR, Circuit Judges, and LAWSON,* District Judge.

PER CURIAM:

_____

* Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia, sitting by designation.

Plaintiffs Jerry Rankin, Octavio Tobar, Luisa Alexandra Cuesta, and Jacobo Hincapie, independent contractor physicians previously employed by Celebrity Cruise Lines ("physicians"), argue that Celebrity failed to pay a certain portion of the commission to which they were entitled under their respective employment contracts with Celebrity, and that, under the Seaman's Wage Act, 46 U.S.C. § 10313, they are entitled to two days' wages for each day that Celebrity has delayed payment of this contractual amount.  Even if the district court erred in its reading of the statute, however, the physicians nonetheless cannot prevail on this claim because the district court found against them on an alternative basis which was not properly challenged.  Specifically, the district court found that "plaintiffs' failure to allege that they were not paid after being discharged from a foreign or intercoastal voyage, which is the stated basis for the Court's jurisdiction . . . precludes application of this statute to plaintiffs' claims."[1]

The physicians also contend that Celebrity violated their "maintenance and cure" obligations to the physicians by requiring the physicians to pay for their own health insurance while employed by Celebrity, and that this constituted a "*de facto* deduction of wages" for which they are also entitled to recover.  "Maintenance and cure" is a principle grounded in maritime law and requires a shipowner to "provide medical treatment and support for the seaman who becomes ill or is injured while

---

[1] Although the plaintiffs indicated at oral argument that they contested this issue in their reply brief, the law of this circuit is clear that arguments which are first raised in a reply brief are deemed waived. *United States v. House*, 684 F.3d 1173, 1210 (11th Cir. 2012).

2

in the service of the ship." *Garay v. Carnival Cruise Line, Inc.*, 904 F.2d 1527, 1529 (11th Cir. 1990).  We find no reversible error here because none of the physicians claim to have been injured.

**AFFIRMED**